UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEROME W. DEWALD,<br><br>                        Plaintiff,<br><br>-v.-<br><br>DONALD J. TRUMP, NY SECRETARY OF STATE, ROBERT J. RODRIGUEZ, *in his official capacity as NY Secretary of State*, RUDY GIULIANI, MARK MEADOWS, SIDNEY POWELL, JOHN EASTMAN, KENNETH CHESEBRO, JENNA ELLIS, RAY SMITH, JEFFREY CLARK, MICHAEL ROMAN, MISTY HAMPTON, ROBERT CHEELEY, SCOTT HALL, STEPHEN LEE, TREVIAN KUTTI, DAVID SHAFER, SHAWN STILL, and CATHY LATHAM,<br><br>                        Defendants. | 23 Civ. 7833 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

      Plaintiff initiated the instant action on September 5, 2023, through the filing of a complaint (the "Complaint"). (Dkt. #1). The Complaint seeks both (i) declaratory relief regarding the eligibility of Defendant Donald J. Trump to participate in the upcoming New York State Republican Party Primary and his standing to hold the office of President of the United States, as well as regarding the eligibility of the other Individual Defendants[1] to participate in the same primary election or hold any federal or state office, and (ii) injunctive

---

[1] The Court refers to Defendants Donald J. Trump, Rudy Giuliani, Mark Meadows, Sidney Powell, John Eastman, Kenneth Chesebro, Jenna Ellis, Ray Smith, Jeffrey Clark, Michael Roman, Misty Hampton, Robert Cheeley, Scott Hall, Stephen Lee, Trevian Kutti, David Shafer, Shawn Still, and Cathy Latham as the "Individual Defendants."

relief in the form restraining and enjoining Defendants New York Secretary of State and Robert J. Rodriquez, in his official capacity as New York Secretary of State, from certifying any of the Individual Defendants from appearing on any ballot in the State of New York. (*See generally id.*). Plaintiff's claims are premised on Article 14, Section 3 of the U.S. Constitution, known as the "Engagement in Insurrection Clause," which provision Plaintiff contends that the Individual Defendants violated through their alleged efforts to undermine the results of the 2020 U.S. Presidential Election. (*Id.* ¶¶ 61-66).

Defendant Trump was served on September 26, 2023. (Dkt. #6). Defendant Trump thereafter filed a letter requesting a pre-motion conference in anticipation of filing a motion to dismiss the Complaint on October 17, 2023. (Dkt. #8). The Court hosted a telephonic pre-motion conference on November 30, 2023, at which conference Plaintiff made clear his intention and ongoing efforts to serve the remainder of the Defendants named in the Complaint. (*See* November 30, 2023 Minute Entry). The Court thereafter adjourned (i) the deadline for Plaintiff to serve all Defendants in this matter to February 12, 2024, and (ii) the deadline by which Defendant Trump must answer or otherwise respond to the Complaint *sine die*, pending further order of the Court, in view of Plaintiff's ongoing service efforts. (Dkt. #11). In late December, Plaintiff successfully served Defendants New York Secretary of State (Dkt. #12), Rodriguez (Dkt. #13), and Giuliani (Dkt. #14); the answer deadline for each such Defendant has passed.

With the deadline for Plaintiff to serve all Defendants in this matter also having passed, the Court now considers the path forward for this litigation. As to Defendant Trump, the Court hereby ORDERS Plaintiff to file a letter on or before **March 6, 2024**, explaining why this Court should not stay the litigation against Defendant Trump pending the outcome of the appeal of the Colorado Supreme Court's December 19, 2023 ruling that Defendant Trump is ineligible to appear on the Colorado 2024 Presidential Primary Ballot pursuant to Article 14, Section 3 of the U.S. Constitution, which appeal is currently before the United States Supreme Court and deals with the same legal issues disputed in this case. *See generally Trump* v. *Anderson*, No. 23-719 (2023).

The Court leaves the decision of whether and how to proceed against the other three Defendants that have been served to Plaintiff, but expects Plaintiff to address this issue as well in his March 6 letter. *Cf.* 11 U.S.C. § 362 (providing for automatic stay of certain proceedings after and as a result of the filing of a bankruptcy petition).

SO ORDERED.

Dated:   February 21, 2024
         New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　KATHERINE POLK FAILLA
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge